UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:26-cv-60530

ISRAEL DAYAN, Individually and
RANDYE NOTEY, His Wife,

Plaintiffs,

vs.

AMAZON.COM, INC. and SETSMART, LLC,

Defendants.

_____/

**COMPLAINT**

Plaintiffs, ISRAEL DAYAN, Individually, and RANDYE NOTEY, his wife, hereby sue

Defendants, AMAZON.COM, INC. and SETSMART, LLC, and allege as follows:

**JURISDICTION**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This action involves parties of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests, costs, and attorney's fees.

2. This Court has personal jurisdiction over Defendant, Amazon.com, Inc. ("AMAZON") because it is a Delaware corporation conducting business and causing injuries to a person through a product used within Florida, and is thus subject to Florida courts' personal jurisdiction under Florida Statutes 48.193(1), (2), or (6)(b).

3. This Court has personal jurisdiction over Defendant, Setsmart, LLC ("SETSMART") because it is a New York Limited Liability Company conducting business and causing injuries to

1

a person through a product used within Florida, and is thus subject to Florida courts' personal jurisdiction under Florida Statutes 48.193(1), (2), or (6)(b).

## PARTIES

4.  At all times material hereto, Plaintiff, ISRAEL DAYAN ("Mr. Dayan"), was and is a citizen of the State of Florida.  Mr. Dayan used and was injured in Plantation, Broward County, Florida by the LoGest Climbing Rope, manufactured by Setsmart and purchased on Amazon.com.

5.  At all times material hereto, Plaintiff, RANDYE NOTEY ("Mrs. Notey), was and is a citizen of the State of Florida and the wife of Israel Dayan.

6.  At all times material hereto, Defendant, AMAZON, was an is a Delaware for-profit corporation with its principal place of business at 410 Terry Ave. N, Seattle, WA 98109.

7.  At all times material hereto, Defendant, SETSMART, is and was a New York Limited Liability Company with its principal place of business at 85 Skillman St., Apt. 3F, Brooklyn, NY 11205.

## VENUE

8.  Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this action occurred in this judicial district.

## FACTS GIVING RISE TO CAUSE OF ACTION
## COMMON TO ALL COUNTS

9.  On or about January 19, 2023, Plaintiffs purchased a LoGest Climbing Rope ("Rope") from Amazon under Order Number 113-3733698-7860247.  The Rope was shipped to Plaintiffs' home located at 9500 NW 16th Street, Plantation, Florida 33322-4207, United States.

10.  Defendant, Setsmart, is the manufacturer of the LoGest Climbing Rope.

11.  Defendant, Amazon, advertised, marketed, sold and distributed Setsmart's Rope through its website marketplace.

2

12.   The Rope was advertised and marketed as an "Indoor and Outdoor Workout Rope" that is "Perfect for Homes, Gym Obstacle Courses, Crossfit, Rope for Strength and Fitness."

13.   Mr. Dayan used the Rope as intended and otherwise in a reasonably foreseeable manner. Specifically, Mr. Dayan used the Rope to climb a tree on his property, including on the day of the subject incident.

14.   On or about December 3, 2024, Mr. Dayan was climbing up the Rope on his property when suddenly and without warning the Rope snapped causing Mr. Dayan to fall to the ground, sustaining serious and permanent injuries, including fractures to the talonavicular joint of his left ankle, fractures to the base of the third, fourth and fifth metatarsals, a fracture to the distal fourth metatarsal shaft and a lateral posterior dislocation of the subtalar joint.

15.   Mr. Dayan was transported by the Plantation Fire Department to HCA Florida Westside Hospital where he was subsequently admitted and underwent the first of two surgeries.   Mr. Dayan remains under the care of medical providers for his injuries and his path to recovery remains ongoing.

**A.   <u>The Recall</u>**

16.   On or about February 13, 2025, the United States Consumer Product Safety Commission issued a recall under Recall Number was 25-130 for LoGest Climbing Ropes, https://www.cpsc.gov/Recalls/2025/Setsmart-Recalls-LoGest-Climbing-Ropes-Due-to-Fall-Hazard. The Recall confirms that the Rope was dangerous and defective when it left Setsmart's control and remained dangerous and defective when it was marketed, promoted, advertised, sold and distributed by Amazon.

17.   On or about February 14, 2025, Amazon sent out the following Product Recall and Product Safety Alert to the Plaintiffs:

ORDER PLACED
January 19, 2023
ORDER # 113-3733698-7860247

**Product Safety Alert: Feb 14, 2025**
Stop using the following item because of a
potential safety issue. Visit the public recall notice
for more guidance.



Logest Climbing Rope - Indoor
and Outdoor Workout Rope 1.5"
Diameter - 10 15 20 25 30 50 Feet
6 Lengths Available Perfect for
Homes Gym Obstacle Courses
Crossfit Rope for Strength and
Fitness

18. The Product Safety Alert instructed the Plaintiffs to visit the public recall notice for additional guidance. The public recall notice referenced by Amazon in the Public Safety Alert set forth above was Recall 25-130 published by The United States Consumer Product Safety Commission ("Product Safety Commission").

19. The Product Safety Commission described the "Hazard" for which the Recall was issued as follows: "The climbing ropes can weaken and break, posing a fall hazard to consumers." The public recall notice also indicated that Amazon was the distributor the Rope and had sold them on their website Amazon.com from March 2021 through November 2024 from prices ranging between $20 and $70.

20. The hazard that formed the basis for Amazon's product recall as described by the Product Safety Commission was precisely what happened to Mr. Dayan while utilizing the Rope on December 3, 2024.

**B. The Defect**

21. The Rope's defect existed at the time Setsmart manufactured the Rope and allowed it to leave its facility and enter the stream of commerce.

4

22. The Rope's defect existed at the time Amazon promoted, marketed, advertised, sold and distributed the Rope on its website.

23. At the time Plaintiffs received the Rope from Amazon it was defective. Namely, the Rope's fibers were not coated with a product that allowed them to maintain their integrity over time, despite being marketed, advertised, sold and distributed as an "Indoor and Outdoor Workout Rope". Due to the defect, over time the fibers weaken until, suddenly and without warning, they snap presenting danger to the consumer.

24. As described herein, at all times relevant, the Rope was not safe for its intended and advertised purpose and use due to the defect. Without warning and with the intended and/or foreseeable use, the Rope snapped leading the user, here Mr. Dayan, to suffer severe and catastrophic injuries.

25. The product was manufactured such that consumers, like Mr. Dayan, cannot safely use it in the intended manner without risk of the Rope weaking over time and then suddenly snapping.

26. The manufacturing of the Rope with the defect presents safety hazards to the consumer in addition to making them unsuited and unsafe for their intended purpose. This is evidenced by the Product Safety Recall issued by the Product Safety Commission and then passed along by Amazon to its customers.

**C. Advertising, Marketing, Distribution, Sales and Promotion**

27. At all times relevant the Rope was advertised, marketed, promoted and sold by Defendants as an "Indoor and Outdoor Workout Rope" that is "Perfect for Homes, Gym Obstacle Courses, Crossfit, Rope for Strength and Fitness."

28.  The advertising, marketing, and promotional material put out by the Defendants did not disclose the defect that the Rope could weaken over time and then suddenly, without warning, snap during use.

29.  The advertising, marketing and promotional material put out by the Defendants did not contain any warnings regarding the deficient manufacturing and/or deficient design, and/or the propensity of the Rope fibers to weaken and deteriorate over time leading to sudden snapping of the Rope and risk of physical injury that could result from same.

30.  Defendants knew or should have known that the Rope was manufactured defectively causing the Rope fibers to weaken over time when a reasonably prudent consumer was using the product as intended or in a reasonably foreseeable manner.

31.  Defendant, Setmart, is strictly liable for manufacturing and/or designing a defective product and placing it into the stream of commerce.

32.  Defendant, Amazon, is strictly liable for marketing, promoting, advertising, selling and distributing a defective product and placing it into the stream of commerce.

<u>COUNT I</u>
<u>CLAIM AGAINST DEFENDANT, AMAZON.COM, INC.</u>
<u>STRICT LIABILITY</u>

33.  The Plaintiffs adopt and reallege paragraphs 1 through 32, and further state:

34.  Defendant, Amazon, placed a defective and unreasonably dangerous product, i.e. the LoGest Climbing Rope on its website marketplace and into the stream of commerce.

35.  The Rope was sold by Amazon to the Plaintiffs in a defective and unreasonably dangerous condition.

36.  The Rope reached the Plaintiffs in a defective and unreasonably dangerous condition.

37. The Rope was used for its intended purpose and/or in a reasonably foreseeable manner by Mr. Dayan.

38. The defect of the Rope was the proximate cause of Mr. Dayan's injuries.

39. Defendant, Amazon, is liable in fact for the injuries sustained by Plaintiff resulting from him coming into contact with the Rope.   The Plaintiffs bring the below listed claims for damages.

## COUNT II
## CLAIM AGAINST DEFENDANT, SETSMART, LLC
## STRICT LIABILITY

40. The Plaintiffs adopt and reallege paragraphs 1 through 32, and further state:

41. Defendant, Setsmart, manufactured a defective and unreasonably dangerous product, i.e. the LoGest Climbing Rope.

42. Defendant, Setsmart, placed a defective and unreasonably dangerous product, i.e. the LoGest Climbing Rope into the stream of commerce by selling it through the Amazon marketplace.

43. The Rope reached the Plaintiffs in a defective and unreasonably dangerous condition.

44. The Rope was used for its intended purpose and/or in a reasonably foreseeable manner by Mr. Dayan.

45. The defect of the Rope was the proximate cause of Mr. Dayan's injuries.

46. Defendant, Setsmart, is liable in fact for the injuries sustained by Plaintiff resulting from him coming into contact with the Rope.   The Plaintiffs bring the below listed claims for damages.

## COUNT III
## NEGLIGENCE AGAINST DEFENDANT, AMAZON.COM, INC.

47. The Plaintiffs adopt and reallege paragraphs 1 through 32, and further state:

48. At all times material hereto, Defendant, AMAZON, owed a non-delegable duty, to use reasonable care in the marketing, advertising, promoting, sale, and distribution of products sold on its online marketplace and to warn consumers and customers, including the Plaintiffs herein, from

the dangers and defects which the Defendant was or should have been aware through the use of ordinary and reasonable care.

49. At all times material hereto, Defendant, AMAZON, had a duty to properly vet the products that it sold on its website marketplace and to have safeguards in place to ensure that the products on its website marketplace were reasonably safe for their intended and foreseeable use by consumers and customers.

50. At all times material hereto, Defendant, AMAZON, had a duty to properly warn consumers and customers, such as the Plaintiffs herein, of dangerous and defective products about which Defendant had, or should have had knowledge greater than that of the Plaintiffs.

51. At all times material hereto, Defendant, AMAZON, breached its duty(ies) owed to the Plaintiffs by committing one or more of the following acts or omissions:

a) Negligently failing to vet or adequately vet the products that are marketed, advertised, promoted, sold and distributed on its website marketplace, including the LoGest Climbing Rope, to ensure that the products were reasonably safe for their intended and/or reasonably foreseeable use by consumers and customers, including the Plaintiff herein;

b) Negligently failing to vet or adequately vet the products that are marketed, advertised, promoted, sold and distributed on its website marketplace, including the LoGest Climbing Rope, to ensure that the products were not defective and unreasonably dangerous;

c) Negligently failing to ensure or adequately ensure that the products that are marketed, advertised, promoted, sold and distributed on its website marketplace, including the

LoGest Climbing Rope, were reasonably safe for their intended and/or reasonably foreseeable use by consumers and customers, including the Plaintiff herein;

d)  Negligently failing to ensure or adequately ensure that the products that are marketed, advertised, promoted, sold and distributed on its website marketplace, including the LoGest Climbing Rope, were not defective and unreasonably dangerous;

e)  Negligently failing to implement and enforce appropriate and reasonable safety protocols and procedures to prevent unreasonably dangerous and defective products, like the LoGest Climbing Rope, from being placed into the stream of commerce through sale on its online marketplace;

f)  Negligently failing to warn or adequately warn the Plaintiff that the LoGest Climbing Rope could suddenly snap without notice causing serious injuries;

g)  Negligently failing to warn or adequately warn that the LoGest Climbing Rope was unreasonably dangerous and defective;

h)  Negligently placing an unreasonably dangerous and defective product into the stream of commerce;

i)  Was otherwise negligent in failing to exercise due care with respect to the promotion, advertising, marketing, sale and distribution of products on its online marketplace such that an unreasonably dangerous and defective product, the LoGest Climbing Rope, was allowed to enter the stream of commerce and seriously injure the Plaintiff.

52. As a direct and proximate result of AMAZON's negligence as alleged above, Plaintiff, ISRAEL DAYAN, suffered permanent bodily injury, including, but not limited to pain and suffering of both physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, expense of

9

hospitalization, medical and nursing care and treatment, loss of earnings in the past, loss of the ability to earn money in the future, aggravation of previously existing condition and activation of a latent condition.  These losses are either permanent and continuing and Plaintiff will suffer these losses in the future.

**COUNT IV**
**NEGLIGENCE AGAINST DEFENDANT, SETSMART, LLC**

53.   The Plaintiffs adopt and reallege paragraphs 1 through 32, and further state:

54.   At all times material hereto, Defendant, SETSMART, owed a non-delegable duty, to use reasonable care in manufacturing and/or design of the LoGest Climbing Rope, and to warn consumers and customers, including the Plaintiffs herein, from the dangers and defects which the Defendant was or should have been aware through the use of ordinary and reasonable care.

55.   At all times material hereto, Defendant, SETSMART, had a duty to manufacture products that are reasonably safe for their intended and reasonably foreseeable use and to have safeguards in place to ensure that the products it manufactured do not enter the stream of commerce in unreasonably dangerous or defective condition.

56.   At all times material hereto, Defendant, SETSMART, had a duty to properly warn consumers and customers, such as the Plaintiffs herein, of dangerous and defective products about which Defendant had, or should have had knowledge greater than that of the Plaintiffs.

57.   At all times material hereto, Defendant, SETSMART, breached its duty(ies) owed to the Plaintiffs by committing one or more of the following acts or omissions:

    a)   Negligently manufacturing products, including the LoGest Climbing Rope, without ensuring that the products were reasonably safe for their intended and/or reasonably foreseeable use by consumers and customers, including the Plaintiff herein;

10

b) Negligently manufacturing products, including the LoGest Climbing Rope, that were defective and unreasonably dangerous;

c) Negligently failing to ensure or adequately ensure that the products it manufactured, including the LoGest Climbing Rope, were reasonably safe for their intended and/or reasonably foreseeable use by consumers and customers, including the Plaintiff herein;

d) Negligently failing to test or adequately test its products, including the LoGest Climbing Rope, to ensure that they are reasonably safe for their intended and/or reasonably foreseeable use by consumers and customers, including the Plaintiff herein, before placing them into the stream of commerce;

e) Negligently failing to implement and enforce appropriate and reasonable safety protocols and procedures to prevent unreasonably dangerous and defective products like the LoGest Climbing Rope from being placed into the stream of commerce;

f) Negligently failing to warn or adequately warn customer and consumers, including the Plaintiff herein, that the LoGest Climbing Rope could suddenly snap without notice causing serious injuries;

g) Negligently failing to have product compliance testing or adequate product compliance testing for the LoGest Climbing Rope;

h) Negligently failing to warn or adequately warn that the LoGest Climbing Rope was unreasonably dangerous and defective;

i) Was otherwise negligent in failing to exercise due care with respect to the manufacture of products such that an unreasonably dangerous and defective product, the LoGest

Climbing Rope, was allowed to enter the stream of commerce and seriously injure the Plaintiff.

58.  As a direct and proximate result of SETSMART's negligence as alleged above, Plaintiff, ISRAEL DAYAN, suffered permanent bodily injury, including, but not limited to pain and suffering of both physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, loss of the ability to earn money in the future, aggravation of previously existing condition and activation of a latent condition.  These losses are either permanent and continuing and Plaintiff will suffer these losses in the future.

**COUNT V**
**CLAIM OF ISRAEL DAYAN FOR DAMAGES**
**COMMON TO ALL COUNTS**

59.  The Plaintiff, ISRAEL DAYAN, adopts and realleges paragraphs 1 through 58 and further states:

60.  Plaintiff, ISRAEL DAYAN, as a direct and proximate result of the strict liability and/or negligence of the Defendants has in the past and will in the future continue to suffer the following significant and permanent damages:

a.   Bodily injury;
b.   Pain and suffering;
c.   Disability;
d.   Disfigurement;
e.   Loss of the capacity for the enjoyment of life;
f.   Aggravation of pre-existing conditions;
g.   Activation of latent conditions;
h.   Medical and hospital care and expenses;
i.   Loss of earnings;
j.   Loss of earning capacity in the future;
k.   Rehabilitation expenses; and
l.   Mental distress.

12

## COUNT VI
## CLAIM OF RANDYE NOTEY FOR DAMAGES
## COMMON TO ALL COUNTS

61.   Plaintiff, RANDYE NOTEY, as a direct and proximate result of the strict liability and/or negligence of the Defendants that caused injury to her husband, Israel Dayan, has in the past and will in the future continue to suffer the following damages:

a.      Loss of consortium of her husband;
b.      Loss of her husband's services, comfort, society and attentions.

**WHEREFORE**, the Plaintiffs, ISRAEL DAYAN and RANDYE NOTEY, his wife, demand judgment against the Defendants, AMAZON.COM, INC. and SETSMART, LLC for compensatory damages in an amount in excess of the jurisdictional limits of this Court, exclusive of interest and costs, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand trial by jury on all issues triable as of right by a jury.

Dated February 25, 2026.

Respectfully submitted,

**COHEN & BLOSTEIN, P.A.**
*Attorneys for Plaintiffs*
100 SE 3rd Avenue, Suite 1100
Fort Lauderdale, FL  33394
954.449.8700/ Facsimile:  954.763.6093
pleadings@jaycohenlaw.com

By:   */s/ Jay Cohen*
      JAY COHEN
      Florida Bar No.: 292192
      JULIE A. HERZLICH
      Florida Bar No.: 94659

13